UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CLARENCE D. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | NO. 14-10864-JGD |
| | ) | |
| BERNADETTE EVANS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER FOR REASSIGNMENT AND REPORT AND RECOMMENDATION**

December 1, 2014

DEIN, U.S.M.J.

On April 25, 2014, Clarence D. Johnson ("Johnson") filed an Application to Proceed Without Prepayment of Fees along with his self-prepared complaint naming as defendants the Triangle Transit Authority, the Ebenezer Baptist Church, and Bernadette Evans [alleged to be Johnson's former girlfriend]. Complaint ("Compl."). As best can be gleaned from the four-page, handwritten complaint, plaintiff appears to claim that Evans and the Ebenezer Baptist Church conspired with others to have Johnson incarcerated. Id. According to Johnson, he was involved in an assault in which he was defending himself. Id. p. 2. Johnson alleges the defendants "intended to do bodily harm to [plaintiff] and put other public officials [and] bus drivers in danger." Id. p. 2. Johnson seeks (1) to have "a zero tolerance order to be implemented;" (2) seven million dollars; and (3) court supervision of "the bus system for [plaintiff's] safety because it has been used for stalking and creating domestic violence." Id. pp. 3-4.

The Court's records reveal that Johnson previously filed five cases in the District of

Massachusetts,[1] and a search of PACER reveals that plaintiff filed six frivolous actions in other federal district courts last year.[2]

On July 7, 2014, this Court issued a Memorandum and Order (Docket No. 4) granting Johnson's Motion for Leave to Proceed *in forma pauperis*, and finding that the decision in Johnson v. Ebenezer Baptist Church, 1:2013-cv-00430 (E.D.Va. Aug. 15, 2013) bars plaintiff's present suit under the doctrine of claim preclusion. The Memorandum and Order noted that the instant action is identical to the action brought by Johnson in the Eastern District of Virginia.

The July 7th Memorandum and Order also advised Johnson that his complaint is subject to dismissal for lack of subject matter jurisdiction and for failing to set forth a short and plain statement of his claim. In light of this, Johnson was granted thirty-five days either to file an amended complaint or show cause why this action should not be dismissed. Johnson's response was due by August 11, 2014.

On July 29, 2014, the Memorandum and Order was returned to the Court as undeliverable, and on August 29, 2014, Johnson filed a notice of change of address. On August 29, 2014, the Clerk resent the Memorandum and Order to Johnson at his new address. By Electronic Order, plaintiff's motion to seal was denied and he was advised that he could file

---

[1] Johnson v. Shady Grove Adventist Hospital, et al., C.A. No. 13-12584-FDS (Jan. 6, 2014, dismissed for failure to state a claim); Johnson v. Sheet Metal Local #100, et al., C.A. No. 13-13223-NMG (pending); Johnson v. Wells Fargo Bank, C.A. 14-11274-DJC (pending); Johnson v. United States Judges, C.A. No. 14-11273-DPW (Jul. 7, 2014, dismissed as legally frivolous); and Johnson v. North Carolina Unemployment, C.A. No. 14-11325-GAO (Jul. 7, 2014, dismissed as legally frivolous).

[2] Johnson v. Denver Gen. Dist. Court, 1:2013-cv-01475 (D. D.C. Sept. 26, 2013); Johnson v. Henrico Police Dept, 1:2013-cv-12584 (D. D.C. Sept. 26, 2013); Johnson v. Henrico Co. Govt., 1:2013-cv-00286 (E.D. Va. June 19, 2013); Johnson v. IRS, 1:2013-cv-00385 (E.D. Va. Mar. 26, 2013); Johnson v. Wells Fargo, 1:2013-cv-00419 (E.D. Va. Apr. 9, 2013); Johnson v. Ebenezer Baptist Church, 1:2013-cv-00430 (E.D.Va. Aug. 15, 2013). The instant action almost identical to Johnson v. Wells Fargo, 1:2013-cv-00419 (E.D. Va. Apr. 9, 2013).

redacted copies, if necessary, in accordance with this Court's local rules.

Now before the Court are plaintiff's motion to appoint counsel and four letters providing supplemental information. See Docket Nos. 9, 11-14.

## ORDER FOR REASSIGNMENT

For the reasons stated in the Court's July 7th Memorandum and Order, and plaintiff having failed to show good cause why this action should not be dismissed, this Court will direct that the file be returned to the Clerk's Office for REASSIGNMENT to a District Judge for further proceedings.

## RECOMMENDATION TO THE DISTRICT JUDGE

Despite the fact that Johnson's responses to the July 7th Memorandum and Order were not timely filed, I have considered Johnson's responses along with his motion for appointment of counsel. In his motion for counsel, Johnson seeks appointment of a pro bono lawyer or referral to a "low cost lawyer." See Docket No. 9.

Johnson has submitted "supplemental information" in the form of a Massachusetts Registry of Motor Vehicles record of his two Virginia convictions, see Docket No. 11, and a request for copies of all original complaints "to go over and serve copies to Defendants . . . ." See Docket No. 12.

Finally, on September 22, 2014, Johnson submitted pleadings requesting "all [of his] cases to be moved to Manhattan New York fed (sic) courthouse," see Docket No. 14, and explaining that "all final disclosures will be entered at time of jurisdictional change and defendants obtain counsel." See Docket No. 13.

In these pleadings, Johnson does not respond to the issues raised in the July 7th

3

Memorandum and fails to address the issue of whether the instant action is precluded by the earlier federal judgment. Instead he requests that the instant case, as well as his other cases, be transferred to another federal court. Moreover, Johnson has failed to file an amended complaint that would provide this Court with subject matter jurisdiction.

Although a court may transfer a civil case to a different venue "[f]or the convenience of parties and witnesses, in the interest of justice . . . .", 28 U.S.C. § 1404(a), this Court finds that transfer to the Southern District of New York is not appropriate. Johnson failed to show cause why this action should not be dismissed. Thus, in accordance with this Court's order dated July 7, 2014, and the plaintiff not having shown good cause why this case should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2), the Court recommends that this action be dismissed.

Finally, the Court "may request an attorney to represent any person unable to afford counsel." See 28 U.S.C. § 1915(e)(1). Because this action is subject to dismissal, appointment of counsel is not warranted. The Clerk will be directed to provide plaintiff with a list of legal service providers.

## NOTICE OF RIGHT TO OBJECT

Johnson is hereby advised that, under the provisions of Federal Rule of Civil Procedure 72, if he objects to this recommendation, he must file specific written objections thereto with the Clerk of this Court within fourteen days of his receipt of this recommendation. The written objections must specifically identify the portion of the proposed recommendation to which objections are made and the basis for such objections. Johnson is further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review. See Keating v. Secretary of Health and Human

Services, 848 F.2d 271 (1st Cir.1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir.1986); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir.1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir.1980); see also Thomas v. Arn, 474 U.S. 140 (1985).

## CONCLUSION

Based upon the foregoing, it is hereby Ordered:

1. Plaintiff's motion (Docket No. 9) to appoint counsel is DENIED and the clerk shall send plaintiff a list of legal service providers.

2. This action shall be REASSIGNED to a District Judge.

3. This Court RECOMMENDS to the District Judge to whom this case is assigned that this action be DISMISSED.

SO ORDERED.

    /s/ Judith Gail Dein
Judith Gail Dein
U.S. Magistrate Judge